■ SENTINEL INDUSTRIAL CONTRACTING CORP., Respondent, v AMERICAN SUPERPOWER GROUP, INC., Appellant. [663 NYS2d 982] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated January 19, 1995, as denied its motion for summary judgment dismissing the complaint, (2) from an order of the same court (Adams, J.), dated July 1, 1996, which, after a nonjury trial, awarded judgment to the plaintiff, and (3) from a judgment of the same court entered July 19, 1996, which is in favor of the plaintiff and against the defendant in the principal sum of $25,690.73.

Ordered that the appeals from the orders dated January 19, 1995, and July 1, 1996, are dismissed; and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The trial evidence established that the plaintiff Sentinel Industrial Contracting Corp. (hereinafter Sentinel) contracted

with the defendant American Superpower Group, Inc. (hereinafter American Superpower) to dismantle, refurbish and relocate American Superpower's tinning plant. After Sentinel had completed the first phase of the project pursuant to a written contract, and American Superpower had paid the contract price in full, the parties then made a new and independent oral agreement requiring American Superpower to pay rental charges for equipment left idle at the work site while the parties negotiated the terms of a contract covering the balance of the work and American Superpower awaited further financing. American Superpower rejected all proposals and ultimately performed the work itself. In light of this evidence, we decline to disturb the Supreme Court's judgment which, based upon its credibility determination *(see, McCray v Petrini,* 212 AD2d 676), awarded Sentinel the rental value of the equipment. O'Brien, J. P., Joy, Goldstein and Luciano, JJ., concur.